UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**The 2002 Lawrence R. Buchalter Alaska Trust, et al.,**

**Plaintiffs,**

*- against -*

**Philadelphia Financial Life Assurance Company,**

**Defendant.**

**12 Civ. 6808 (KMK)(PED)**

**MEMORANDUM AND ORDER**

**PAUL E. DAVISON, U.S.M.J.:**

Before the Court is defendant's motion to compel production of documents withheld by third-party William Lipkind, Esq., an attorney for plaintiff, on grounds of attorney-client privilege. [Dkt. 80.] As directed, the parties have filed memoranda briefing the issues.[1] [Dkt. 81, 82, 83.] The motion is before me pursuant to an Order of Reference dated May 5, 2015. [Dkt. 61.] For the reasons set forth below, defendant's motion is **DENIED**.

**Background**

In 2002, plaintiff purchased a private placement life insurance policy from defendant. In 2005, in accordance with the terms of that policy, plaintiff selected a hedge fund called SSR from defendant's menu of investment options and directed that premiums be allocated to SSR. In 2008, plaintiff sustained substantial losses associated with the SSR investment within the policy. Plaintiff brought this action in 2012. Plaintiff's surviving claims center on allegations that defendant failed to adequately vet SSR before including SSR on its investment platform and

[1] Defendant originally raised these issues in a short letter dated January 19, 2016, in accordance with this Court's customary Order setting forth streamlined procedures for the resolution of discovery issues. [Dkt. 62.] On February 1, 2016, the Court granted defendant leave to file a formal motion to compel after determining that summary disposition was inappropriate.

allowing plaintiff to allocate premiums to SSR.

Defendant contends that plaintiff's claims are time-barred under Alaska law. Plaintiff asserts that his claims are timely under Alaska's discovery rule. Thus, a key issue is when plaintiff had enough information to alert him that he had a potential cause of action or should begin an inquiry to protect his rights. See Gefre v. Davis Wright Tremaine, LLP, 306 P.3d 1264, 1274 (Alaska 2013). Defendant maintains that plaintiff has manipulated his pleadings and relies on an artificial distinction between 2008 misgivings about SSR as opposed to later-arising suspicions about PFLAC's role in his losses to avoid dismissal of his claims on statute of limitations grounds.

Against this backdrop, defendant subpoenaed documents from William Lipkind, Esq., plaintiff's estate planning attorney. Responding to the subpoena, attorney Lipkind withheld a number of documents on privilege grounds, itemizing the documents withheld on a privilege log. Defendant's motion focuses on three communications enumerated on the privilege log, each of which occurred during the key November 2008 timeframe associated with the SSR losses and is identified on the log with the subject: "To litigate or not to litigate, that is the question." The privilege log indicates that each of the three communications is an e-mail chain between Mr. Buchalter, Attorney Lipkind, and Thomas Gentile, who defendant identifies as Mr. Lipkind's law partner and a "litigation attorney."

Focusing on the timing, the participants, and the provocative Shakespearean subject description of these e-mails, defendant surmises that these communications "appear to relate a litigation inquiry, investigation, suspicion of wrongdoing and/or discussion of a perceived injury related to PFLAC and/or SSR in 2008." [Dkt. 81, p. 10.] Thus, defendant asserts that these e-

mails are "relevant and possibly dispositive on the statute of limitations issue." [Dkt. 81, p. 1.]

**Analysis**

The attorney-client privilege is one of the "oldest recognized privileges for confidential communications." Swidler & Berlin v. United States, 524 U.S. 399, 403 (1998). Its purpose is to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." Id. at 403 (internal quotation marks omitted). Rules which result in the waiver of this privilege and thus possess the potential to weaken attorney-client trust must therefore be "formulated with caution." In Re County of Erie, 546 F.3d 222, 228 (2d Cir. 2008).

Defendant does not dispute the proposition that the pertinent 2008 e-mail communications between Mr. Buchalter and his attorneys are, in the first instance, covered by the attorney-client privilege. Defendant instead argues that plaintiff has forfeited the privilege and placed these 2008 communications with counsel "at issue" by asserting – in response to the statute of limitations defense – that there was no investigation of or suspicion of wrongdoing by PFLAC until 2012. Defendant asserts that the touchstone for "at issue" waiver is unfairness, and that it is unfair for plaintiff to allege that he did not discover his claim against PFLAC until 2012 while withholding 2008 communications with his attorneys that appear relevant to, and might indeed undermine, that contention.

Defendant's waiver argument fails because the Second Circuit in Erie has "reined in what it perceived to be . . . overbroad invocation of the fairness doctrine" in this context. Leviton Mfg. Co. v. Greenberg Traurig, 2010 U.S. Dist. LEXIS 128849 at *8 (S.D.N.Y. Dec. 6, 2010). In Erie, the Court of Appeals noted that courts have "found waiver by implication when a client testifies

concerning portions of the attorney-client communication, . . . when a client places the attorney-client relationship directly at issue, . . . and when a client asserts reliance on an attorney's advice as an element of a claim or defense. . . [.]" 546 F.3d at 228 (quotation omitted). The "key to a finding of implied waiver in the third instance is some showing by the party arguing for a waiver that the opposing party *relies* on the privileged communication as a claim or defense or as an element of a claim or defense." Id. Recognizing "uncertainty" and the "need for clarification" of the rules regarding "at issue" waiver, the Court in Erie explicitly rejected the so-called "Hearn test," under which "an assertion of privilege by one who pleads a claim or affirmative defense 'put[s] the protected information at issue by making it relevant to the case.'" 546 F.3d at 224, 229, quoting Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975).[2] Under Erie, a party "must *rely* on privileged advice from his counsel to make his claim or defense[,]" so factual relevance is not sufficient to trigger "at issue" waiver. 546 F.3d at 229.

In the instant case, defendant argues that by invoking Alaska's discovery rule to overcome defendant's statute of limitations defense, plaintiff has put his "state of mind" at issue, triggering waiver. But the discovery rule centers on facts the plaintiff knew or should have known, not on his state of mind concerning some question of law which necessarily implicates contemporaneous attorney-client communications. Although defendant is correct that some post-Erie decisions have stressed that "a party need not explicitly rely on advice of counsel to

[2] Because the Second Circuit has rejected the Hearn standard, the out-of-circuit decision in Landmark Screens, LLC v. Morgan, Lewis & Bockius LLP, 2009 U.S. Dist. LEXIS 102579 (N.D. Ca. Oct. 21, 2009), lends no support to defendant's argument. Although the court in that case concluded that the plaintiff had waived protection for privileged communications demonstrating when and how it learned of the alleged fraud by invoking a discovery rule to toll a limitations period, that court explicitly applied Hearn to reach that conclusion.

implicate the privileged communications[,]" Leviton Mfg. Co., 2010 U.S. Dist. LEXIS 128849 at *7, my review of the post-Erie caselaw confirms that such implied reliance is confined to situations involving a party's state of mind concerning a question of law, such as the party's belief as to the lawfulness of its conduct. See Scott v. Chipotle Mexican Grill, 67 F.Supp.3d 607 (S.D.N.Y. 2014)(defendant's decision to classify employees as exempt under labor regulations implicated attorney-client communications concerning proper classification); Arista Records v. Lime Group, 2011 U.S. Dist. LEXIS 42881 (S.D.N.Y. April 20, 2011)(defendants' "purported good faith belief in the lawfulness of their conduct" implicated communications with counsel).

Here, plaintiff's claim that he was not on notice of actionable conduct by defendant until 2012 does not, on its face, have anything to do with attorney-client communications or legal advice. Defendant seeks the "To litigate or not to litigate" e-mails because that provocative subject line suggests that plaintiff may have discussed potential legal claims with counsel in 2008, communications which might shed light on what plaintiff knew or should have known about defendant's role in plaintiff's SSR losses at that time. Those e-mails may well be relevant, but in the Court's view this is no different from any other situation in which a party seeks an adversary's privileged communications in hopes of discovering damaging admissions therein. Under Erie, "[s]imply because . . . communications might be useful in undermining [plaintiff's claim] does not mean that the attorney-client privilege has been impliedly waived." Leviton Mfg. Co., 2010 U.S. Dist. LEXIS 128849 at *18.[3]

Defendant's motion to compel is therefore **DENIED**. The Clerk shall terminate Dkt. 80.

---

[3] The Court directed plaintiff to submit the subject e-mails to chambers to facilitate any *in camera* inspection deemed appropriate, and plaintiff complied. No party has requested *in camera* review, however, and the Court rules without reference to the documents provided.

Dated: March 11, 2016
White Plains, New York

**SO ORDERED**

**Paul E. Davison, U.S.M.J.**